IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH A. KURTZ, | ) | 8:08CV0083 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FLOYD AKINS, (previous owner of Legend Hotel), and RUSSEL PETERSEN, | ) ) ) | |
| | ) | |
| Defendants. | | |

Plaintiff filed his Complaint on February 26, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on February 26, 2008 against two Defendants, Floyd Akins and Russel Petersen. Plaintiff alleges that he was a tenant who rented a room at 1429 South 13th in Omaha, Nebraska. (Filing No. 1 at CM/ECF p. 2.) While a tenant at that address, Defendants "obstructed" or delayed the delivery of mail to Plaintiff and entered his rented room without authorization. (*Id.*) Plaintiff seeks unspecified compensation for "emotional stress." (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, where a pro se plaintiff proceeding in forma pauperis does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

### III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff seeks relief because his mail has been delayed and because Defendants have entered his rented room without authorization. As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in

controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). It is clear from Plaintiff's allegations that Plaintiff and at least one Defendant are residents of Nebraska and that the amount in controversy is less than $75,000.00. There is no diversity of citizenship and it therefore cannot be a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construed, Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Plaintiff alleges that Defendants obstructed or delayed his mail and entered his rented room without permission. Plaintiff also noted "violation of civil

3

rights" as the basis for his Complaint. (Filing No. 1 at CM/ECF p. 4.) Plaintiff does not allege that any of Defendants' actions were taken under color of state law or were otherwise sanctioned by the state. Thus, Plaintiff's claims are against private individuals and are not civil rights violations. However, Plaintiff may have claims such as conversion or trespass, which may be actionable in state court. Because the court lacks subject matter jurisdiction over Plaintiff's claims, the Complaint must be dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

May 6, 2008.                           BY THE COURT:


                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge